O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| RAMON RABAGO, | CASE NO. 5:10-CV-01917-JST (DTBx) |
|---|---|
| Plaintiff, | |
| vs. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| DEUTSCHE BANK NATIONAL TRUST CO., | |
| Defendant. | |

Before the Court is a Motion to Dismiss filed by Defendant Deutsche Bank National Trust Co. ("Defendant"). (Doc. 19.) Plaintiff Ramon Rabago ("Plaintiff") opposed the Motion, and Defendant replied. (Docs. 25, 26.) For the reasons set forth below, the Court GRANTS Defendant's Motion to Dismiss. Plaintiff's quiet title claim is DISMISSED WITH PREJUDICE. However, as it is not clear that amendment is futile with respect to Plaintiff's remaining claims, the Court GRANTS LEAVE TO AMEND Plaintiff's fraud and California Business and Professions Code § 17200 claims.

**I. Background**

On January 7, 2006, Plaintiff executed a promissory note in favor of New Century Mortgage Corporation in the amount of $197,000.00 secured by the real property at 9291 63rd Street, Riverside, California. (First Amended Complaint ("FAC"), Doc. 15, ¶ 11; Request for Judicial Notice ("RJN"), Doc. 20, Ex. 1.) On February 3, 2009, New Century Mortgage Corporation assigned the Deed of Trust to Defendant. (RJN, Ex. 2.) Plaintiff subsequently defaulted and on January 26, 2010 a Notice of Default was recorded. (RJN, Ex. 4.) Plaintiff's property was set for a Trustee's Sale on May 17, 2010, but the sale has been on hold pending the outcome of this litigation. (RJN, Ex. 5.)

On November 9, 2010, Plaintiff filed a Complaint in Riverside County Superior Court alleging six claims: (1) misrepresentation/fraud; (2) rescission/restitution (cognovits note); (3) wrongful foreclosure; (4) quiet title; (5) unfair business practices under California Business & Professions Code § 17200; and (6) RICO violations. (Compl., Notice of Removal, Doc. 1, Ex. A.) Defendant removed the case to federal court on December 13, 2010. (Notice of Removal.) On December 20, 2010, Defendant filed a Motion to Dismiss. (Doc. 7.) Plaintiff failed to oppose the Motion to Dismiss and the Court granted the Motion on February 9, 2011. (Doc. 12.)

Plaintiff filed a First Amended Complaint ("FAC") on March 1, 2011 asserting three claims: (1) misrepresentation/fraud; (2) quiet title; and (3) unfair business practices

under California Business & Professions Code § 17200. (FAC at 5-8.) On March 21, 2011, Defendant filed the instant Motion to Dismiss.

## II.  Legal Standard

When evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all allegations of material facts that are in the complaint and must construe all inferences in the light most favorable to the non-moving party. *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994). Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 511-13 (2002). "However, where a complaint includes allegations of fraud, Federal Rule of Civil Procedure 9(b) requires more specificity including an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quoting *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)). "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that a defendant can prepare an adequate answer to the allegations." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 540 (9th Cir. 1989).

## III.  Request for Judicial Notice

"Generally a court may not consider material beyond the complaint in ruling on a Rule 12(b)(6) motion." *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007). "A court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment," however, as long as

the noticed facts are not "subject to reasonable dispute." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quoting *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986)). Under Federal Rule of Evidence 201, a trial court must take judicial notice of facts "if requested by a party and supplied with the necessary information." Fed. R. Evid. 201(d). A fact is appropriate for judicial notice if it is not subject to reasonable dispute in that it is "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Facts contained in the public record are appropriate subjects of judicial notice. *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006).

Additionally, if a document forms the basis of a plaintiff's complaint, "[t]he defendant may offer such a document, and the district court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). This is permitted to prevent plaintiffs "from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Parrino v. FHP Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as recognized in Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006).

Here, Defendant requests that the Court take judicial notice of documents of public record and upon which Plaintiff's claims for relief depend, including the Deed of Trust, an Assignment of Deed of Trust, a Substitution of Trustee, the Notice of Default, and the Notice of Trustee's Sale. (RJN ¶¶ 1-5.) Because these documents are matters of public record and form the basis of Plaintiff's claims for relief, the Court takes judicial notice of these documents and assumes their contents are true for purposes of the motion to dismiss. *See Ritchie*, 342 F.3d at 908.

## IV. Discussion

As a preliminary matter, the Court addresses Defendant's arguments that the FAC must be dismissed because of Plaintiff's (1) failure to join an indispensable party and (2) failure to tender to cure the delinquency on Plaintiff's loan. First, Defendant argues that pursuant to Federal Rule of Civil Procedure 19, Plaintiff has failed to join an indispensable party. (*See* Mot. to Dismiss at 3-4.) Defendant asserts that Plaintiff's wife Celia Rabago is a necessary and indispensable party "because she is jointly liable under the Loan." (Mot. to Dismiss at 4.) Defendant does not provide any legal authority to support this proposition. Rather, Defendant makes conclusory arguments that Plaintiff's wife "may not be adequately protected" and that Defendant "cannot obtain counter-relief in this case." (*Id.* at 4.) Even if Plaintiff's wife has a potential claim, it is axiomatic that she is not required to bring an action. Because Defendant has failed to carry its burden of persuasion, the Court denies Defendant's motion to dismiss the case for failure to join a necessary party. *See Shermoen v. United States*, 982 F.2d 1312, 1317 (9th Cir. 1992).

Second, Defendants argues that "[t]he entire FAC should be dismissed for Plaintiff's failure to first offer to cure the delinquency on his Loan." (Mot. to Dismiss at 5.) Defendant argues that a valid tender is required "to bring *any claim* that arises from a foreclosure sale," and that "<u>all</u> Claims are 'implicitly integrated' with the foreclosure." (*Id.* at 5-7.) Although some of the remedies sought by Plaintiff relate to the foreclosure sale of Plaintiff's property, this does not imply that all of Plaintiff's claims arise from the foreclosure sale. Further, on a motion to dismiss, the Court construes all inferences in favor of the non-moving party, not the moving party. *Moyo*, 32 F.3d at 1384. Plaintiff's fraud claim is independent of the foreclosure and grounded in events that took place before the foreclosure. Thus, the Court denies Defendant's motion to dismiss the FAC for failure to cure.

The Court now turns to consideration of Defendant's motion to dismiss the FAC for failure to state a claim. Plaintiff's First Amended Complaint asserts three claims: misrepresentation/fraud, quiet title, and unfair business practices. The Court addresses each in turn and concludes that Plaintiff has failed to state a claim upon which relief can be granted.

### A. Misrepresentation/Fraud

Plaintiff fails to plead his fraud claim with the requisite factual content under Rule 8 of the Federal Rules of Civil Procedure and fails to allege his fraud claim with the specificity required by Rule 9 of the Federal Rules of Civil Procedure. "The elements of fraud are: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Robinson Helicopter Co. v. Dana Corp.*, 102 P.3d 268, 274 (Cal. 2004). Plaintiff's First Amended Complaint appears to allege that Defendants caused Plaintiff to overpay the interest owed on the loan by incorrectly calculating the interest owed and failing to properly credit Plaintiff's account for payments made. (FAC ¶¶ 22-28.) It is unclear, however, if Defendant made an affirmative misrepresentation to Plaintiff or if Plaintiff is merely unhappy with "what he believed to be the shifting terms of the agreement." (FAC ¶ 25.) Despite signing the note on January 7, 2006, (RJN, Ex. 1 at 14-15,) Plaintiff alleges that he "was not aware of Defendant's fraudulent representations until 2009 when it became increasingly difficult to keep up with the adjusted payments." (FAC ¶ 25.) Plaintiff asserts that he "made payments based on the improper, inaccurate, and fraudulent representations as to Plaintiff's accounts." (*Id.*) Yet, Plaintiff does not specify what was improper, inaccurate, and fraudulent, or even what specific representation Defendant made to Plaintiff.

A complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and must be more than mere "labels and conclusions." *Ashcroft v.*

*Iqbal*, 129 S. Ct. 1937, 1949 (2009) (discussing the pleading requirements of Rule 8). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). Here, Plaintiff has failed to offer anything more than the sheer possibility that Defendant acted unlawfully. Although it is possible that Defendant made a fraudulent misstatement to Plaintiff, Plaintiff has failed to allege factual content that allows the Court to draw the reasonable inference that Defendant is liable for fraud. Without alleging such factual content, Plaintiff's First Amended Complaint fails to state a claim for fraud. *See Iqbal*, 129 S. Ct. at 1949.

Moreover, the requirement of specificity in a fraud action against a business organization requires a plaintiff to allege: (1) the names of people who made representations; (2) their authority to speak; (3) to whom they spoke; (4) what they said; (5) and when it was said. *See Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal. Rptr. 2d 861, 862-63 (Cal. Ct. App. 1991). Nowhere in the First Amended Complaint does Plaintiff identify or allege the names of individuals who made representations, the authority of those individuals to speak, to whom they spoke, what they said, or when it was said. Thus, Plaintiff has failed to allege a claim with the specificity required by Rule 9. *See Swartz*, 476 F.3d at 764 ("[W]here a complaint includes allegations of fraud, Federal Rule of Civil Procedure 9(b) requires more specificity including an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" (quoting *Edwards*, 356 F.3d at 1066)). As amendment does not

appear to be futile, however, the Court dismisses Plaintiff's fraud claim with leave to amend.[1]

### B. Quiet Title

Plaintiff's quiet title claim fails as a matter of law because Plaintiff's property is mortgaged. "It is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." *Shimpones v. Stickney*, 28 P.2d 673, 678 (Cal. 1934). "The cloud upon [one's] title persists until the debt is paid." *Aguilar v. Bocci*, 114 Cal. Rptr. 91, 92 (Cal. Ct. App. 1974). Thus, "[a] basic requirement of an action to quiet title is an allegation that plaintiffs are the rightful owners of the property, i.e., that they have satisfied their obligations under the deed of trust." *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d 952, 975 (N.D. Cal. 2010) (internal quotation marks and citation omitted); *see also Miller v. Provost*, 33 Cal. Rptr. 2d 288, 290 (Cal. Ct. App. 1994) ("[A] mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee."). As Plaintiff's First Amended Complaint indicates that he has not paid off the debt secured by his mortgage, Plaintiff cannot maintain a claim for quiet title and the Court dismisses the claim with prejudice.

### C. Unfair Business Practices

Plaintiff fails to allege a claim under California Business and Professions Code § 17200 for the same reasons that Plaintiff fails to allege a claim for fraud. Section 17200 prohibits "unlawful, unfair or fraudulent business act[s] or practice[s]," Cal. Bus. & Prof. Code § 17200, and allows suits "by a person who has suffered injury in fact and has lost

---

[1] Defendant argues that Plaintiff's fraud claim is barred by the statute of limitation. (Mot. to Dismiss at 8-9.) As the Court is dismissing Plaintiff's fraud claim for failure to state a claim, it is unclear whether Plaintiff's fraud claim is barred by the statute of limitations. Accordingly, the Court does not decide this issue.

8

money or property as a result of the unfair competition." *Id.* § 17204. "Because Business and Professions Code section 17200 is written in the disjunctive, it establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair, or fraudulent." *Berryman v. Merit Prop. Mgmt., Inc.*, 62 Cal. Rptr. 3d 177, 185 (Cal. Ct. App. 2007) (quoting *Podolsky v. First Healthcare Corp.*, 58 Cal. Rptr. 2d 89, 98 (Cal. Ct. App. 1996)). Plaintiff alleges in the FAC that Defendant violated § 17200 by "inducing Plaintiff to enter into a purported agreement based on Defendant's fraudulent representations, slandering Plaintiff's title in the Subject Property, and deceiving Plaintiff through unlawful false advertising." (FAC ¶ 36.) However, in his Opposition, Plaintiff argues that "fraud by Defendants would constitute a 'wrongful act' within the meaning of the Business and Professions Code, and would be a 'predicate act' actionable under Section 17200." (Opp'n at 7.) Thus, it is unclear if Plaintiff seeks to proceed under the "unlawful," "unfair," or "fraudulent" prongs of § 17200, the Court addresses each in turn and concludes that Plaintiff has failed to state a claim for unfair business practices.

### 1. Unlawful Prong

"[A] violation of another law is a predicate for stating a cause of action under the UCL's unlawful prong." *Berryman*, 62 Cal. Rptr. 3d at 185. As the Court previously noted, Plaintiff has failed to state a claim for fraud, therefore Plaintiff's fraud claim cannot serve as a predicate violation. Similarly, Plaintiff's references in the "Preliminary Statement" of the FAC to 15 U.S.C. § 1601, 5 U.S.C. § 552(b)(4), 15 U.S.C. § 1692, and 12 U.S.C. § 2605 cannot serve as a basis for a unfair business practices claim because the references are unsubstantiated by factual allegations and fail to identify how Defendant violated these statutes. *See Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, 983 F. Supp. 1303, 1316 (N.D. Cal. 1997) ("A plaintiff alleging unfair business practices under the unfair competition statutes 'must state with reasonable particularity the facts supporting the statutory elements of the violation.'" (quoting *Khoury v. Maly's of Cal.*, 17 Cal. Rptr.

2d 708, 712 (Cal. Ct. App. 1993))). Thus, Plaintiff has failed to allege adequately a violation of a law by Defendant that would serve as a predicate for a claim under the unlawful prong.

### 2. Unfair Prong

"California appellate courts disagree on how to define an 'unfair' act or practice in the context of a [§ 17200] consumer action." *Rubio v. Capital One Bank*, 613 F.3d 1195, 1204-05 (9th Cir. 2010). The Court adopts the three-factor "section 5 test" from the well-reasoned opinion in *Camacho v. Automobile Club of Southern California.*, 48 Cal. Rptr. 3d 770, 777 (2006). Under the "section 5 test," the elements are:

(1) a substantial consumer injury;

(2) that the injury outweighs any countervailing benefits to consumers or competition; and

(3) that the injury could not reasonably have been avoided.

*Id.* Here, although Plaintiff has alleged an injury, Plaintiff failed to allege that that injury is outweighed by any countervailing benefits to consumers and competition and that the injury could not reasonably have been avoided. In fact, Plaintiff's FAC indicates that the injury could reasonably have been avoided. Plaintiff alleges that in 2006 when he signed the loan documents, "Plaintiff was confused and puzzled by the lack of explanations and no one explained the ramifications of the documents." (FAC ¶ 14.) Plaintiff provides neither an explanation why he did not investigate nor why it would have been unreasonable for him to investigate the interest rate, loan payment terms, and costs and fees of the loan. (*See* FAC ¶ 15.) Thus, Plaintiff has failed to allege the necessary elements to state a claim under the unfair prong.

### 3. Fraud Prong

A claim under the fraud prong of § 17200 is still subject to the heightened pleading requirements of Rule 9 of the Federal Rules of Civil Procedure. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) ("[W]e have specifically ruled that Rule 9(b)'s heightened pleading standards apply to claims for violations of the [Cal. Civ. Code § 1770] and [Cal. Bus. & Prof. Code § 17200]."). Accordingly, for the same reasons as previously discussed by the Court regarding Plaintiff's fraud claim, Plaintiff has failed to allege adequately a claim under § 17200's fraud prong. *See Romero v. Countrywide Bank, N.A.*, 740 F. Supp. 2d 1129, 1147 (N.D. Cal. 2010) ("Mere conclusory allegations of fraud are insufficient. Statements of time, place, and nature of the fraudulent activities are required, so that defend[ant] can prepare an adequate answer to the allegations." (quoting *Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1095 (C.D. Cal. 1999))). Thus, Plaintiff has failed to allege adequately a claim under § 17200. As amendment does not appear to be futile, however, the Court dismisses Plaintiff's claim with leave to amend.

**V. Conclusion**

For the reasons set forth above, the Court GRANTS Defendant's Motion to Dismiss. Plaintiff's quiet title claim is DISMISSED WITH PREJUDICE. However, as it is not clear that amendment is futile with respect to Plaintiff's remaining claims, the Court GRANTS LEAVE TO AMEND so that Plaintiff may have the opportunity to file an amended complaint with respect to Plaintiff's claims for fraud and under California Business and Professions Code § 17200. Plaintiff shall have until **June 20, 2011** to file an amended complaint. Failure to do so will result in the immediate dismissal of this case.

DATED: June 1, 2011

**JOSEPHINE STATON TUCKER**
JOSEPHINE STATON TUCKER
UNITED STATES DISTRICT JUDGE

11